IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HEALTHCARE SERVICES GROUP, INC.,

    Plaintiff,

v.

SKYLINE SERVICES GROUP, et al.,

    Defendants.

CIVIL ACTION
NO. 17-2703

**OPINION**

**Slomsky, J.**                                                                                                                                              **January 30, 2018**

## I.    INTRODUCTION

Before the Court are Defendant Nancy Coover's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue (Doc. No. 7) and Defendant Lynell Schomaker's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3) for lack of personal jurisdiction and improper venue (Doc. No. 8). Defendant Schomaker seeks in her Motion, in the alternative, to transfer venue to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a).[1] (Doc. No. 8.) Both Motions were filed pro se.[2]

---

[1]   28 U.S.C. § 1404(a) provides as follows:

    (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

§ 1404(a).

[2]   On July 24, 2017, Defendant Coover, proceeding pro se, filed her Motion to Dismiss. (Doc. No. 7.) On August 7, 2017, Plaintiff filed its Brief in Opposition. (Doc. No. 13.) On November 3, 2017, Defendant Coover, through counsel, filed an Answer, Affirmative

Plaintiff Healthcare Services Group, Inc. ("HCSG") filed this contract action in this Court against 99 Defendants. (Doc. No. 1.) Defendants are Skyline Services Group, LLC ("Skyline"); Joseph Schwartz, Michael Schwartz, and Louise Schwartz, who each are owners and executive officers of Skyline; 72 long-term care facilities acquired by Skyline; and 23 former HCSG managers. The allegations stem from Skyline's alleged refusal to compensate HCSG for housekeeping, laundry, dietary, and nutrition services it provided to long-term care facilities acquired by Skyline, and Skyline's conduct in hiring former HCSG managers in violation of restrictive covenant agreements between the managers and HCSG. (Id. at 4-5.) Defendants Coover and Schomaker are former HCSG managers. (Id. ¶ 95(o), (p).)

On July 24, 2017, Defendant Coover filed the Motion to Dismiss (Doc. No. 7) and on the same day Defendant Schomaker filed her Motion to Dismiss, or in the alternative, Motion to Transfer Venue to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a) (Doc. No. 8). Defendants Skyline, Joseph Schwartz, Michael Schwartz, Louise Schwartz, and the 72 long-term care facilities acquired by Skyline have filed an Answer to the Complaint.[3] (Doc. 30.) For reasons that follow, the Court will deny the Motions of Defendants Coover and Schomaker.[4]

---

Defenses, and Crossclaim against Skyline Services Group, LLC (Doc. No. 27) while her Motion to Dismiss was still pending before this Court. Because Defendant Coover has not withdrawn her Motion to Dismiss, the Court will issue a ruling on the Motion. This Opinion will have no effect, however, on Defendant Coover's already filed Answer, Affirmative Defenses, and Crossclaim. (Doc. No. 27.)

[3] Of the remaining Defendants, 21 former HCSG managers, only 10 have been served with process in this case. The other 11 have not been served. The Defendants who have been served have not filed responses to the Complaint.

[4] In reaching a decision, the Court has considered the Complaint (Doc. No. 1), Defendant Coover's Motion to Dismiss (Doc. No. 7), Defendant Schomaker's Motion to Dismiss, or in

## II. BACKGROUND[5]

Plaintiff HCSG is a Pennsylvania corporation with its principal place of business in Bensalem, Pennsylvania. (Doc. No. 1 ¶ 1.) HSCG provides housekeeping, laundry, dietary, and nutrition services to long-term care facilities. (Id. ¶ 2.) It provided these services to Defendant long-term care facilities pursuant to service agreements. (Id. ¶ 28.) In November 2015, Defendant Skyline began to acquire these facilities. (See, e.g., Id. ¶ 21.) When Skyline acquired each long-term care facility, it assumed the service agreement HSCG had with that facility before its acquisition. (Id. ¶ 31.) In general, after Skyline would acquire each facility, HCSG would continue to provide services to the facility pursuant to the service agreement. (See, e.g., Id. ¶ 33.) But after Skyline failed to pay HCSG for the services, HCSG ceased providing them. (See, e.g., Id. ¶ 34.) HSCG now alleges that Skyline owes it outstanding payments for services rendered to these facilities after they were acquired by Skyline. (Id. at 22-23.)

HCSG employed managers at each facility. (Id. ¶ 92.) Each manager entered into a Restrictive Covenant Agreement ("RCA") with HCSG. (Id. ¶ 93.) Each RCA provides in part:

> Employee agrees that at no time during his/her employment with the Company or for a period of two (2) years after his/her employment has terminated, for any reason, will he/she accept any employment related to housekeeping, laundry, linen, and/or food services by any facility in which Employee has worked, or been directly responsible for, within two (2) years of Employee's separation from the Company.

(Id. ¶ 96; see also Doc. No. 13-1 ¶ 6; 13-2 ¶ 6.) Each RCA also contains a forum selection clause, which reads:

---

the alternative, Motion to Transfer Venue (Doc. No. 8), and Plaintiff's Brief in Opposition to the Motions to Dismiss. (Doc. No. 13.)

[5] Because the facts of this case are extensive and only two Defendants have filed Motions to Dismiss, the Court will discuss only the facts that are relevant to deciding the Motions.

> Employee agrees that any legal proceeding may, at the sole discretion of the Company, be instituted in the Court of Common Pleas, Bucks County, Pennsylvania, or in the United States District Court for the Eastern District of Pennsylvania, irrespective of the fact that either of the parties now is, or may become, a resident of a different state. Employee irrevocably consents to the jurisdiction of each of those courts . . . .

(Doc. No. 13-1 ¶ 8B; 13-2 ¶ 8B.) And each RCA contains a choice of law provision, which reads:

> This Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Pennsylvania applicable to contracts made and to be performed therein, irrespective of the fact that either of the parties now is, or may become, a resident of, or an employee in, a different state.

(Doc. No. 13-1 ¶ 14; 13-2 ¶ 14.) Defendants Coover and Schomaker signed RCAs with HCSG.[6] (Doc. No. 1 ¶¶ 95(o), (p).)

After Plaintiff stopped providing services to the facilities that Skyline acquired, it offered to continue to employ the managers bound by the RCAs at other facilities, but each manager declined or failed to accept the offer. (Id. ¶ 98.) Instead, the managers accepted employment with the Skyline facilities in violation of their RCAs. (Id. ¶ 141.) Defendants Coover and Schomaker were two of the managers that accepted employment with the Skyline facilities in violation of their RCAs. (Id. ¶¶ 95(o), (p), 141.)

Defendant Coover moves to dismiss the action against her on the grounds of improper venue under Rule 12(b)(3) (Doc. No. 7), and Defendant Schomaker moves to dismiss the action against her on the grounds of lack of personal jurisdiction and improper venue under Rule 12(b)(2) and (3), or in the alternative, moves to transfer venue to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a) (Doc. No. 8). In the Motions, Defendants allege that they are residents of Nebraska. (Doc. No. 7 at 1, Doc. No. 8 at 2.)

---

[6] On February 12, 2016, Defendant Coover signed an RCA, and on March 2, 2015, Schomaker signed an RCA. (Doc. No. 1 ¶¶ 95(o), (p); Doc. Nos. 13-1, 13-2.)

4

Plaintiff opposes the Motions, arguing that jurisdiction and venue are proper in the Eastern District of Pennsylvania because the RCAs that Defendants signed contain forum selection clauses that provide for jurisdiction and venue in this Court. (Doc. No. 13 at 3.)

## III. ANALYSIS

### A. Personal Jurisdiction Is Proper in this Court Because Defendant Schomaker Consented to Jurisdiction Through a Valid Forum Selection Clause

Defendant Schomaker contends that she should be dismissed from this case because the Court lacks personal jurisdiction over her. (Doc. 8 at 2.) She argues that she did not agree to be sued in Pennsylvania simply because she signed an agreement not to compete and because she does not have "sufficient contact" with Pennsylvania that would subject her to jurisdiction. (Id. at 6.) In response, Plaintiff submits that Defendant Schomaker consented to personal jurisdiction because she signed an RCA containing a forum selection clause. (Doc. No. 13 at 6.) Plaintiff attaches the RCA that Defendant Schomaker signed to its Brief in Opposition and asserts that the forum selection clause is enforceable, making jurisdiction in this Court proper. (Id.; Doc. No. 13-2.)

Under Federal Rule of Civil Procedure 12(b)(2), a court must grant a defendant's motion to dismiss if the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When a defendant files a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), plaintiff bears the burden of establishing that personal jurisdiction exists. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)). Where, as here, a court does not hold an evidentiary hearing on the motion to dismiss, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual

disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) (citing Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)).

When defending against a Rule 12(b)(2) motion to dismiss, a plaintiff must do more than rely on the pleadings alone. Id. at 102 n.6 (quoting Patterson v. FBI, 893 F.3d 595, 603-04 (3d Cir. 1990)). Instead, once a motion has been made, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." Id. (quoting Patterson, 893 F.3d at 603-04). Plaintiff must respond to Rule 12(b)(2) motions with "actual proofs, not mere allegations." Id. (quoting Patterson, 893 F.3d at 603-04).

"Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits." O'Connor, 496 F.3d at 316 (citing Fed. R. Civ. P. 4(k)(1)(A)). Under Pennsylvania's long arm statute, jurisdiction "may be based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." Id. (alteration in original) (citing 42 Pa. Cons. Stat. § 5322(b)). As such, "a court may exercise personal jurisdiction over a nonresident defendant if the defendant has 'certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" AAMCO Transmissions, Inc. v. Romano, 42 F. Supp. 3d 700, 706 (E.D. Pa. 2014) (alteration in original) (quoting O'Connor, 496 F.3d at 316).

Personal jurisdiction is also waivable. Burger King Corp. v. Rudewicz, 471 U.S. 462, 472 n.14 (1985); In re Howmedica Osteonics Corp., 867 F.3d 390, 398 n.3 (3d Cir. 2017). A defendant may consent "to personal jurisdiction, and thereby waive his or her right to challenge such jurisdiction in subsequent litigation through the execution of a valid forum selection clause." Synthes, Inc. v. Gordon, Civ. A. No. 17-3385, 2017 WL 4618499, at *3 (E.D. Pa. Oct.

6

16, 2017) (citing Burger King Corp., 471 U.S. at 472 n.14).  As the court noted in PNC Bank, National Ass'n v. Kanaan,

> [a]lthough in the usual case the plaintiff must show that the defendant has sufficient minimum contacts with the forum state such that the assertion of personal jurisdiction over him comports with the notions of fair play and substantial justice, in actions involving forum selection clauses analysis of the contacts with the forum state is inappropriate.  Instead, the court must consider the validity and effect of the forum selection clause in order to determine if there has been a consent to in personam jurisdiction.

Civ. A. No. 11-7770, 2012 WL 1835534, at *7 (E.D. Pa. May 21, 2012) (alteration in original) (quoting Provident Mut. Life Ins. Co. v. Bickerstaff, 818 F. Supp. 116, 118 (E.D. Pa. 1993)).

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Breman v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); see also Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1218 (3d Cir. 1991).  A forum selection clause also should be enforced unless the defendant can show "that the clause [is] invalid for such reasons as fraud or overreaching." M/S Breman, 407 U.S. at 15.

Here, Defendant Schomaker does not dispute that she signed an RCA that contains a forum selection clause, and she does not challenge the validity of such clause.  Instead, she asserts that Plaintiff did not attach a copy of the RCA to the Complaint and that Plaintiff has not met the requirements of Pennsylvania's long arm statute.  (Doc. No. 8 at 5.)  But Plaintiff attaches Defendant Schomaker's RCA to its Brief in Opposition.  (Doc. No. 13-2.)  The forum selection clause in the attached RCA reads in part, "Employee agrees that any legal proceeding may, at the sole discretion of the Company, be instituted in the United States District Court for the Eastern District of Pennsylvania, irrespective of the fact that either of the parties now is, or may become, a resident of a different state."  (Id. ¶ 8B.)  Moreover, because she signed a forum selection clause, Defendant Schomaker has waived her right to challenge jurisdiction.  As such,

7

analysis of contacts with the forum state is inappropriate. PNC Bank, Nat'l Ass'n, 2012 WL 1835534, at *7 (citation omitted).

The forum selection clause in Defendant Schomaker's RCA is valid and enforceable because she has not shown, or even argued, that it is unreasonable under the circumstances or that it was obtained by fraud or overreaching. M/S Breman, 407 U.S. at 10, 15. Thus, Defendant Schomaker has consented to the jurisdiction of this Court through the forum selection clause in her RCA, and this Court has personal jurisdiction over her. See Synthes, Inc., 2017 WL 461899, at *3 (denying former employee's motion to dismiss for lack of personal jurisdiction where he had signed a noncompete agreement, explaining that "[i]n the face of a valid and enforceable forum selection clause, we need not analyze the defendant's contacts with the forum state"). For these reasons, Defendant Schomaker's Motion to Dismiss for lack of personal jurisdiction will be denied.

### B. Venue Is Proper in this Court Because Defendants Consented to Venue Through Valid Forum Selection Clauses

Defendant Coover argues that she should be dismissed from this case because venue in this Court is inappropriate. (Doc. No. 7 at 1.) She alleges that she "has neither the means [n]or the capacity to relocate" and that defending herself in this venue will cause her "irreparable harm." (Id. at 3.) Similarly, Defendant Schomaker contends that she should be dismissed from this case because venue is inconvenient and therefore improper. (Doc. 8 at 2, 8.) In response, Plaintiff submits that Defendants consented to venue in this Court because they signed RCAs that contain forum selection clauses. (Doc. No. 13 at 6.) Plaintiff attaches the RCAs that Defendants Schomaker and Coover signed to its Brief in Opposition and asserts that the forum selection clauses are enforceable, making venue in this Court proper. (Id.; Doc. Nos. 13-1, 13-2.)

Under Federal Rule of Civil Procedure 12(b)(3), a court must grant a motion to dismiss if venue is improper. Fed. R. Civ. P. 12(b)(3). "Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant." Great W. Mining & Mineral Co. v. ADR Options, Inc., 434 F. App'x 83, 86 (3d Cir. 2011) (citing Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982)). To support their positions, "[t]he parties may submit affidavits . . . and may stipulate as to certain facts." Lannett Co. v. Asherman, Civ. A. No. 13-2006, 2014 WL 716699, at *3 (E.D. Pa. Feb. 24, 2014) (citing Manning v. Flannery, Civ. A. No. 09-03190, 2010 WL 55295, at *4 (E.D. Pa. Jan. 6, 2010)).

When deciding a motion to dismiss for improper venue, the court "accept[s] as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." Bockman v. First Am. Mktg. Corp., 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (citing Pierce v. Shorty Smalls of Branson, Inc., 137 F.3d 1190, 1192 (10th Cir. 1998)). But "even when the court considers affidavits and other evidence outside the pleadings, the court 'must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor.'" Lannett, 2014 WL 716699, at *3 (quoting Manning, 2010 WL 55295, at *4).

Venue is proper in:

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(a). Venue also "may be proper, however, if consented to by the parties in a forum selection clause." AAMCO Transmissions, Inc., 42 F. Supp. 3d at 706 (citing Carnival

9

Cruise Lines v. Shute, 499 U.S. 585, 591-94 (1991)). And where there is a forum selection clause, "its effect on the issue of the appropriateness of venue is essentially identical to its effect on the question of jurisdiction." DePuy Synthes Sales, Inc. v. Edwards, 23 F. Supp. 3d 472, 480 (E.D. Pa. 2014) (quoting Bickerstaff, 818 F. Supp. at 119).

In the instant case, Defendant Coover contends that she did not sign an RCA on November 12, 2016, as the Complaint alleges. (Doc. No. 7 at 3.) She also argues that venue in the Eastern District of Pennsylvania will cause her "irreparable harm." (Id.) She does not argue, however, that the forum selection clause is invalid. Although the Complaint incorrectly alleges that Defendant Coover signed her RCA on November 12, 2016 (Doc. No. 1 ¶ 95(p)), Plaintiff submits with its Brief in Opposition a copy of Defendant Coover's RCA, which shows that it was signed on February 12, 2016 (Doc. No. 13-1 at 2, 5). As noted, Defendant Coover's RCA reads, "Employee agrees that any legal proceeding may, at the sole discretion of the Company, be in the United States District Court for the Eastern District of Pennsylvania, irrespective of the fact that either of the parties now is, or may become, a resident of a different state." (Id. ¶ 8B.) It also reads, "Employee irrevocably consents to the jurisdiction of each of those courts . . . ." (Id.) Thus, Defendant Coover has consented to venue in this Court by signing the RCA containing a valid forum selection clause.

Defendant Schomaker argues that venue in this Court is improper because she was not involved in any events that took place in Pennsylvania. (Doc. No. 8 at 8-9.) She also contends that venue is extremely inconvenient for her. (Id. at 9.) Although Defendant Schomaker may not have been involved in events in Pennsylvania giving rise to this action, she has consented to venue in Pennsylvania by signing the RCA, which contains a valid forum selection clause. See

AAMCO Transmissions, Inc., 42 F. Supp. 3d at 707 (citing Carnival Cruise Lines, 499 U.S. at 591-94).

Accordingly, Defendants Schomaker and Coover have not met their burden of proving that venue is improper in this Court. Because the forum selection clauses are valid and enforceable, their effect on the appropriateness of venue is essentially identical to their effect on personal jurisdiction. DePuy Synthes Sales, Inc., 23 F. Supp. 3d at 480 (quoting Bickerstaff, 818 F. Supp. at 119). That is, venue is proper in this Court because Defendants consented to it by signing valid forum selection clauses. SKF USA Inc. v. Okkerse, 992 F. Supp. 2d 432, 446 (E.D. Pa. 2014) (declining to dismiss case for improper venue because defendants, former employees, had signed noncompete agreements containing forum selection clauses). For these reasons, Defendants' Motions to Dismiss for improper venue will be denied.

### C. The Court Will Not Transfer this Case to the District of Nebraska Because Defendant Has Not Established the Need for Transfer

Defendant Schomaker argues in the alternative that if the Court does not dismiss her from this case for lack of personal jurisdiction and improper venue, it should transfer venue to the United States District Court for the District of Nebraska. (Doc. No. 8 at 9.) In response, Plaintiff submits that Defendant Schomaker agreed to a forum selection clause and that private and public factors weigh strongly in favor of retaining the case in this Court. (Doc. No. 13 at 7.)

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented" as long as it is "[f]or the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Even in diversity cases, federal law governs the determination of whether to transfer venue under § 1404(a), since the issue is procedural rather than substantive. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).

11

"In deciding whether to transfer a case, a court must consider 'the private and public interests protected by the language of § 1404(a).'" AAMCO Transmissions, Inc., 42 F. Supp. 3d at 712 (quoting Jumara, 55 F.3d at 879). Private interests include:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Jumara, 55 F.3d at 879 (citations omitted). Public interests include:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (citations omitted). The moving party bears the burden of establishing the need for transfer, and "in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed." Id. at 879.

Ordinarily, a court considers "the private and public interests" in deciding whether a matter should be transferred pursuant to § 1404(a). Jumara, 55 F.3d at 879. But when the parties have agreed to a forum selection clause, the analysis changes. In re Howmedica Osteonics Corp., 867 F.3d at 402 (citing Atl. Marine Costr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 134 S. Ct. 568, 581 (2013)). In this situation,

> district courts (1) must give no weight to the forum preferred by "the party defying the forum-selection clause"; (2) must deem the private interests to "weigh entirely in favor of the preselected forum" because the parties agreed to the preselected forum and thereby waive the right to challenge it as inconvenient; and (3) must proceed to analyze only public interests.

Id. (quoting Atl. Marine, 134 S. Ct. at 581-82). Courts should enforce a valid forum selection clause "[i]n all but the most unusual cases." Id. (alteration in original) (quoting Atl. Marine, 134 S. Ct. at 583).

Here, Defendant Schomaker argues that venue should be transferred because it is extremely inconvenient and unfair for her. (Doc. No. 8 at 7-8.) She agreed, however, to the forum selection clause and therefore waived the right to challenge this forum as inconvenient. Beyond inconvenience, Defendant Schomaker asserts no other reason for transferring venue to the District of Nebraska. For these reasons, the private interest factors weigh entirely in favor of venue in the Eastern District of Pennsylvania.

The public interest factors also weigh in favor of retaining this case in this Court. A judgment in this Court is just as enforceable as a judgment rendered in the District of Nebraska. The 99 Defendants in this case are residents of many different states throughout the United States, so practical considerations make trial in this Court as expeditious as it would be in any other court. Moreover, there is a local interest in deciding this controversy in this Court since this case involves allegations of injury to a Pennsylvania company. Finally, the RCAs at issue are governed by Pennsylvania law, with which this Court is familiar. (Doc. Nos. 13-1, 13-2.) For these reasons, the public interest factors weigh against transfer of this case to the District of Nebraska. Therefore, the Court will deny the Motion to Transfer Venue.

## IV. CONCLUSION

For all the foregoing reasons, the Motions to Dismiss and the Motion to Transfer Venue (Doc. Nos. 7, 8) will be denied. An appropriate Order follows.