**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HEALTHCARE SERVICES GROUP, INC., | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.  17-2703 |
| v. | : |
| | : |
| SKYLINE SERVICES GROUP, LLC, et al. | : |
| | : |
| Defendants. | : |
| | : |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT

### I.  INTRODUCTION

Defendants have repeatedly demonstrated their refusal to participate in the litigation of

this action, substantially prejudicing Plaintiff Healthcare Services Group, Inc.'s ability to

proceed with its claims.  As a result of Defendants' refusal to comply with discovery obligations

and repeated failure to appear at hearings and court conferences in direct violation of Court

Orders, the Court should enter default judgment against Defendants.

### II.  PROCEDURAL POSTURE AND FACTUAL BACKGROUND

On July 15, 2017, Plaintiff Healthcare Services Group, Inc. ("HCSG") brought this action

to collect outstanding debt owed by Defendants Skyline Services Group, LLC ("Skyline"), its

principals, and dozens of long-term care facilities owned and/or controlled by Skyline.[1]

---

[1] These long-term care facilities are the following Defendants, hereinafter referred to as the "Skyline Facilities":
Hallmark Care and Rehabilitation Center LLC, Atlantic Care and Rehabilitation Center LLC, Auburndale Oaks Care
and Rehabilitation Center LLC, Clear Water Care and Rehabilitation Center LLC, Laurel Point Care and
Rehabilitation Center LLC, West Jacksonville Care and Rehabilitation LLC, Batesville Holdings LLC, Broadway

Plaintiff's claims include breach of contract, breach of a promissory note, unjust enrichment, promissory estoppel, and tortious interference with contractual relationships.

Skyline and its principals, Joseph Schwartz, Michael Schwartz, and Louis Schwartz (collectively, with Skyline, the "Skyline Defendants") led Plaintiff to believe that any services Plaintiff provided to Skyline's newly-acquired facilities would be compensated.  Joseph Schwartz, Michael Schwartz, and Louis Schwartz repeatedly assured Plaintiff that they would pay any outstanding amounts left unpaid by Skyline.  The individual facilities accepted the services Plaintiff provided.  Despite repeated promises from the Skyline Defendants, Plaintiff was not paid for the work it performed in dozens of the individual facilities owned and/or

---

Health Holdings LLC, Heritage of Hot Springs Holdings LLC, Mine Creek Holdings LLC, Searcy Holdings LLC, Highlands of Little Rock Riley Holdings, LLC, Highlands of North Little Rock John Ashley Holdings, LLC, Highlands of Mountain View SNF Holdings, LLC, Highlands of Little Rock South Cumberland Holdings, LLC, Highlands of Little Rock West Markham Holdings, LLC, Bedford Gardens Care and Rehabilitation Center LLC, Sidney Care and Rehabilitation Center, LLC, Sorenson Care and Rehabilitation Center, LLC, Clarkson Care and Rehabilitation Center, LLC, Valhaven Care and Rehabilitation Center, LLC, Columbus Care and Rehabilitation Center, LLC, Cozad Care and Rehabilitation Center, LLC, Franklin Care and Rehabilitation Center, LLC, Fullerton Care and Rehabilitation Center, LLC, Hartington Care and Rehabilitation Center, LLC, Nebraska City Care and Rehabilitation Center, LLC, Norfolk Care and Rehabilitation Center, LLC, Omaha Metro Care and Rehabilitation Center, LLC, O'Neill Care and Rehabilitation Center, LLC, Plattsmouth Care and Rehabilitation Center, LLC, Schuyler Care and Rehabilitation Center, LLC, Tekamah Care and Rehabilitation Center, LLC, Wausa Care and Rehabilitation Center, LLC, Grand Island Park Place Care and Rehabilitation Center, LLC, Grand Island Lakeview Care and Rehabilitation Center, LLC, Neligh Care and Rehabilitation Center, LLC, Broken Bow Care and Rehabilitation Center, LLC, Scottsbluff Care and Rehabilitation Center, LLC, Chase County Care and Rehabilitation Center SNF, Downs Care and Rehabilitation Center SNF, Edwardsville Care and Rehabilitation Center SNF, El Dorado KS Care and Rehabilitation Center SNF, Eskridge Care and Rehabilitation Center SNF, Kaw River Care and Rehabilitation Center SNF, Lansing Care and Rehabilitation Center SNF, Neodesha Care and Rehabilitation Center SNF, Parkway Care and Rehabilitation Center SNF, Pittsburg Care and Rehabilitation Center SNF, Spring Hill Care and Rehabilitation Center SNF, Wakefield Care and Rehabilitation Center SNF, Wellington Care and Rehabilitation Center SNF, Wichita Care and Rehabilitation Center SNF, Wilson Care and Rehabilitation Center SNF, Armour Care and Rehabilitation Center, LLC, Ipswich Care and Rehabilitation Center, LLC, Groton Care and Rehabilitation Center, LLC, Salem Care and Rehabilitation Center, LLC, Covington Heights Care and Rehabilitation Center, LLC, Redfield Care and Rehabilitation Center, LLC, Clark Care and Rehabilitation Center, LLC, Arlington Care and Rehabilitation Center, LLC, Black Hills Care and Rehabilitation Center, LLC, Bella Vista Care and Rehabilitation Center, LLC, Lake Norden Care and Rehabilitation Center, LLC, Meadowbrook Care and Rehabilitation Center, LLC, Mobridge Care and Rehabilitation Center, LLC, Prairie Hills Care and Rehabilitation Center, LLC, Pierre Care and Rehabilitation Center, LLC, Milbank Care and Rehabilitation Center, LLC, Madison Care and Rehabilitation Center, LLC, and Watertown Care and Rehabilitation Center, LLC.

operated by Skyline.  As a result of Defendants' failure to pay, Plaintiff was forced to demobilize its employees who were providing services to the individual facilities.

HCSG initially sought to recover damages from the twenty-one prior employees who breached their employment agreements by working for Skyline in the same facility where they worked for HCSG, but HCSG discontinued those claims to streamline the litigation against Skyline.

### A.  DEFENDANTS' FIRST ATTORNEY WITHDRAWS

The Skyline Defendants and the Skyline Facilities filed an Answer on November 3, 2017 through its counsel, William Whitman.  On May 10, 2018, Attorney Whitman filed a motion to withdraw as counsel for the Skyline Defendants and the Skyline Facilities.  [Dkt. 42].  In the motion, Attorney Whitman stated he "repeatedly communicated with his clients the need for clients to fulfill their obligations to the lawyer regarding counsel's services."  [Dkt. 41 ¶ 7].  Attorney Whitman alleged that he informed Defendants the he would no longer be able to represent them unless they fulfilled their obligations and, without such assistance from his clients, Attorney Whitman would be unable to propound or respond to discovery requests, engage in settlement negotiations, or appropriate represent his clients.  [Dkt. 41 ¶¶ 8-11].

On the same day, the Court entered an Order scheduling a hearing on the motion to withdraw for May 21, 2018.  [Dkt. 43].  In the Order, the Court required Defendants Joseph Schwartz, Michael Schwartz, and Louis Schwartz to be present.  [*Id.*].  At the hearing on the motion to withdraw, counsel for the Skyline Defendants and the Skyline Facilities stated he did not serve Joseph Schwartz, Michael Schwartz, or Louis Schwartz with a copy of the Court's May 10, 2018 Order.  The Court advised counsel for the Skyline Defendants and the Skyline

3

Facilities that corporations must be represented by counsel and if Skyline fails to obtain new counsel, a default judgment may be entered against it.

The Court continued the hearing on counsel's motion to withdraw to allow Attorney Whitman to serve his clients with a copy of the Court's Order continuing the hearing until June 20, 2018.  [Dkts. 46 and 51].  The Court, again, ordered Joseph Schwartz, Michael Schwartz, and Louis Schwartz to be present.  [Dkt. 51].

Joseph Schwartz, Michael Schwartz, and Louis Schwartz failed to appear on June 20, 2018.  Following a hearing, the Court granted Attorney Whitman's motion to withdraw.  [Dkt. 53].

### B. DEFENDANTS' SECOND ATTORNEY WITHDRAWS

On July 12, 2018, Kevin O'Connor and the law firm Peckar & Abramson entered an appearance on behalf of the Skyline Defendants and Skyline's related entities.  [Dkt. 56].  On January 18, 2019, Attorney O'Connor filed a motion to withdraw as counsel.  [Dkt. 65].  On January 22, 2019, the Court issued an Order scheduling a hearing on the motion to withdraw for January 31, 2019.  [Dkt. 66].  In the Order, the Court required Defendants Joseph Schwartz, Michael Schwartz and Louis Schwartz to be present.  [*Id.*].

The Court held a hearing on January 31, 2019.  Defendants Joseph Schwartz, Michael Schwartz, and Louis Schwartz failed to appear.  Following the hearing, the Court granted Attorney O'Connor's motion to withdraw.  [Dkt. 71].

On January 31, 2019, the Court scheduled a status conference for February 14, 2019.  [Dkt. 72].  Again, the Court required Defendants Joseph Schwartz, Michael Schwartz, and Louis Schwartz to appear.  [*Id.*].  The Court also ordered any counsel representing the corporate

4

Defendants, or any principal or agent of the corporate Defendants to attend the status conference. [*Id.*].

Despite the Court's Order, Joseph Schwartz, Michael Schwartz, and Louis Schwartz failed to appear.  No counsel, principal, or agent appeared on behalf of any of the corporate Defendants.

### C.  DEFENDANTS FAIL TO COMPLY WITH DISCOVERY OBLIGATIONS

In addition to ignoring Orders issued by the Court, Defendants have failed to comply with their discovery obligations.  On May 11, 2018, Plaintiff served written discovery on Defendants' counsel, Attorney Whitman.  Following the withdrawal of Attorney Whitman, Plaintiff served the same discovery requests directly on Defendants on July 3, 2018.  After Attorney O'Connor entered his appearance, Plaintiff served him with these same requests on July 19, 2018.  Defendants and their attorneys refused to respond.

On August 30, 2018, Plaintiff's counsel sent a letter to Attorney O'Connor requesting responses to the outstanding discovery.  Defendants' counsel agreed to provide responses to the written discovery on October 5, 2018.

On October 5, 2018, some of the Defendants provided deficient responses to Plaintiff's discovery, but Michael Schwartz and the Skyline Facilities did not provide any responses.  On October 10, 2018, Plaintiff's counsel requested responses from Michael Schwartz and the Skyline Facilities and supplemental responses from the other Defendants.  Despite assurances from Defendants' counsel, Michael Schwartz and the Skyline Facilities never provided responses to written discovery, the other Defendants did not provide supplemental responses, and no documents were produced by any of the Defendants.

5

On January 2, 2019, Plaintiff's counsel sent Defendants' counsel deposition notices for Joseph Schwartz, Louis Schwartz, Michael Schwartz, and Skyline Services Group, LLC, scheduling depositions on January 21, 22, 28, and 29.  [Exhibit A, Deposition Notices].  Defendants' counsel failed to respond.  On January 11, 2019, Plaintiff's counsel contacted counsel for the Defendants in an attempt to confirm the dates of the depositions.  On January 15, 2019, Attorney O'Connor responded only to advise that he was having difficulties with the defendant clients and would likely withdraw shortly.  [Exhibit B, 1/15/19 email from O'Connor].

On January 18, 2019, Plaintiff's counsel sent a letter to the Court requesting a telephone conference to discuss Defendants' discovery responses and their refusal to confirm deposition dates and times.  [Dkt. 68].  Plaintiff was unable to take any of the noticed depositions.

Defendants' actions have prevented Plaintiff from litigating its claims, and the Court should enter a default judgment in favor of Plaintiff and against Defendants.

### III.  ARGUMENT

Defendants' refusal to participate in any aspect of this case is sanctionable pursuant to Federal Rules of Civil Procedure 16(f), 37, and 55 and the Court's inherent authority.

Rule 16(f)(1) permits a Court to sanction a party for (1) failing to appear at a scheduling or other pretrial conference; (2) being substantially unprepared to participate in a Court conference; or (3) failing to obey a scheduling or other pretrial order.  Here, Defendants have refused to comply with three separate Court Orders requiring them to appear.  Most recently, Defendants failed to appear at the status conference on February 14, 2019, despite the Court directing them to attend.  As a result of Defendants' repeated refusal to comply with the Court's orders to attend hearings and conferences, the Court may issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."  Fed. R. Civ. P. 16(f).  The orders authorized by Rule

37(b)(2)(A)(ii)-(vii) include "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi).

In addition to refusing to comply with Orders from the Court, Michael Schwartz and the Skyline Facilities have failed to respond to interrogatories, and Joseph Schwartz, Michael Schwartz, Louis Schwartz, and Skyline Services Group, LLC refused to participate in depositions.  These actions are sanctionable pursuant to Rule 37(d)(1)(A)(i)-(ii), which allows the Court to issue sanctions if (1) a party or a party's officer, director, or managing agent fails, after being served with proper notice, to appear for that person's deposition; or (2) a party, after being property served with interrogatories under Rule 33 fails to serve its answers, objections, or written response.  Sanctions for these actions may include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  Fed. R. Civ. P. 37(d)(3).  As previously mentioned, these orders include "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi).

Rule 55 also allows the Court to enter a default and default judgment against a party that has failed to "plead or otherwise defend."  Fed. R. Civ. P. 55(a).  The Third Circuit has broadly interpreted the term "otherwise defend" used in Rule 55(a).  *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 917 (3d Cir. 1992) ("This court has previously signified this broad interpretation of the "or otherwise defend" clause.").  In *Hoxworth*, the Third Circuit explained the district court "could have imposed a default judgment against the defendants for failure to comply with its own unambiguous orders to obtain substitute counsel, file a pretrial memorandum, and response to plaintiffs' discovery requests."  *Id.* at 918.  If the Court proceeds under Rule 55, Plaintiff respectfully requests the Court first direct the Clerk of Court to enter a default prior to entering the default judgment.

7

Finally, the Court has the inherent power to enter a default judgment against Defendants. *See Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) ("Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders.")..

Regardless of whether the Court chooses to proceed under Rules 16, 37, or 55 or its own inherent powers, the Court must first determine Defendants committed sanctionable conduct before considering whether a default judgment is appropriate.  As described above, Defendants' repeated refusal to comply with discovery obligations and Court Orders is sanctionable.

After determining sanctionable conduct occurred, the Court must consider six factors before entering a default judgment against Defendants.  *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).  The factors include:  (1) the extent of the party's responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.  *Poulis*, 74 F.2d at 868.  "Each factor need not be satisfied for the trial court to dismiss a claim."  *Ware v. Rodale Press Inc.*, 322 F.3d 218 (3d Cir. 2003).  Instead, the factors should be weighed to ensure the sanction of dismissal is reserved "for the instances in which it is justly merited."  *Id.*

### A.  THE DEFENDANTS' RESPONSIBILITY

Defendants, not their counsel, are responsible for the failures to comply with discovery requirements and the refusal to comply with multiple Orders from the Court to attend hearings and conferences.  Defendants had two attorneys over the last two years.  Both sought to withdraw because Defendants refused to comply with their obligations to participate in the

SL1 1572848v1 104212.00364

litigation by providing counsel with information and documents relating to the case. [Dkt. 41 ¶¶ 7-11].

In addition to failing to cooperate with their attorneys, Defendants chose to ignore multiple Orders issued by this Court. When Defendants' attorneys sought to withdraw in May 2018 and in January 2019, the Court ordered Defendants to appear at multiple hearings. Defendants flouted the authority of this Court and failed to appear. After their counsel was granted leave to withdraw on January 31, 2019, Defendants were again required to appear before the Court for a status conference. Defendants did not appear. Defendants, not their counsel, are responsible for their actions.

### B. DEFENDANTS' REFUSAL TO PARTICIPATE IN LITIGATING THIS MATTER PREJUDICES PLAINTIFF

As a result of Defendants' actions, Plaintiff is unable to litigate its claims for outstanding payment against Defendants. "Prejudice," for the purpose of the *Poulis* analysis, means "impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (internal citation omitted).

Defendants have refused to participate in this litigation for two years. They have not produced any documents relating to the claims or defenses in the case. Michael Schwartz and the Skyline Facilities failed to respond to written discovery requests. The remaining Defendants responded only to provide sparse information. All of the Defendants failed to acknowledge Plaintiff's deposition notices. Additionally, at this time, none of the corporate entities are represented by counsel.

Because Defendants impeded Plaintiff's ability to litigate its case, this factor weights in favor of entering a default judgment against Defendants.

SL1 1572848v1 104212.00364

### C.  DEFENDANTS' HISTORY OF DILATORINESS

Throughout this case, Defendants have failed to comply with discovery deadlines and Court Orders.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994).

Plaintiffs served written discovery on May 11, 2018 and did not receive responses until October 5, 2018.  Michael Schwartz and the Skyline Facilities did not provide any responses. None of the Defendants provided any documents.  Defendants also refused to participate in depositions, failing to acknowledge the deposition notices served by Plaintiff.

In addition to Defendants' refusal to comply with their discovery obligations, Defendants failed to comply with three different Court Orders requiring them to appear at hearings and conferences.  They have repeatedly demonstrated they have no interest in defending this action, including failing to obtain new counsel.

This factor weighs in favor of entering a default judgment against Defendants.

### D.  DEFENDANTS' CONDUCT WAS WILLFUL

Defendants have not provided any explanation for their repeated failure to participate in this litigation.  They have refused to provide discovery responses, participate in depositions, appear before the Court when ordered to do so, and cooperate with their own counsel.  These actions are not simple neglect.  Defendants chose to avoid participating in this case, precluding Plaintiff from proceeding in any meaningful way in this action.

Defendants' willful conduct weighs in favor of the entry of default judgment.

10

SL1 1572848v1 104212.00364

### E.  ENTERING A DEFAULT JUDGMENT IS THE ONLY EFFECTIVE SANCTION

Defendants have repeatedly demonstrated they have no intention of complying with any Orders issued by this Court.  The Court ordered Joseph Schwartz, Michael Schwartz, and Louis Schwartz to appear on three separate occasions.  Each time, these individual Defendants refused to appear.  The Court also ordered Skyline and the Skyline Facilities to appear through counsel or any principal or agent.  These Defendants also ignored the Court's Order.

Defendants' prior conduct demonstrates the entry of a default judgment is the only effective sanction.

### F.  PLAINTIFF'S CLAIMS ARE MERITORIOUS

Plaintiff provided housekeeping, laundry, dietary, and nutrition services to the Skyline Facilities over various periods from 2015 through 2017.  Joseph Schwartz, Michael Schwartz, and Louis Schwartz assured and guaranteed Plaintiff that if Plaintiff continued to provide services at the Skyline Facilities, Skyline would pay Plaintiff for these services.  [Dkt. 1 ¶¶ 64-67].  Plaintiff relied on the representations of Joseph Schwartz, Michael Schwartz, and Louis Schwartz when making the decision to provide services to facilities after they were acquired by Skyline.  [Dkt. 1 ¶ 69].

Plaintiff produced more than 2,000 pages of documents in discovery to support its allegations.  Plaintiff can easily establish the times it provided services and Defendants' non-payment through its records.  Defendants have not raised any legitimate defense to Plaintiff's claims.

Because Plaintiff's claims are meritorious, this factor weights in favor of entering default judgment against Defendants.

11

### G. DAMAGES

Plaintiff requests this Court accept the Affidavit of Jim O'Toole setting forth Plaintiff's damages in lieu of holding a hearing to determine damages. *See* Exhibit C, Affidavit of Jim O'Toole. A hearing is not necessary where, as here, damages are liquid or capable of ascertainment from definite figures. *See E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009) ("In considering the amount of damages or the truth of an averment of evidence, the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Int'l Fid. Ins. Co. v. DHLP-Limerick Golf Cmty., L.P.*, Civ. A. No. 15-03291, 2017 WL 550585, at *4 (E.D. Pa. Feb. 10, 2017) (internal citation omitted) ("Courts may rely upon detailed affidavits submitted by the parties instead of holding an evidentiary hearing to determine damages on default judgment."); *Amresco Fin. I L.P. v. Storti*, No. CIV. A. 99-CV-2613, 2000 WL 284203, at *2 (E.D. Pa. Mar. 13, 2000) (finding damages that are liquidated or capable of ascertainment from definite figures may be awarded in default judgment if they are contained in documentary evidence and detailed affidavits submitted by plaintiff).

The detailed Affidavit of Jim O'Toole sets forth the contractual agreements between the parties, the services provided by Plaintiff, and all outstanding amounts. Because these amounts are able to be calculated, no hearing on damages is necessary.

### IV. DISMISSAL OF CERTAIN FACILITIES

If the Court accepts the Affidavit of Jim O'Toole in lieu of conducting a hearing on damages, Plaintiff requests to dismiss its claims against certain entities to avoid the cost of proving unliquidated damages at a hearing. Should the Court prefer to hold a hearing on

damages, Plaintiff withdraws its request to dismiss these facilities and, instead, Plaintiff will submit evidence to support its unliquidated damages.

Specifically, if the Court finds a hearing on damages is not necessary, Plaintiff seeks to dismiss its claims against the following entities:  Batesville Holdings LLC, located at 1975 White Drive, Batesville AR 72501; Broadway Health Holdings LLC, located at 800 West Broadway Street, West Memphis AR 72301; Heritage of Hot Springs Holdings LLC, located at 552 Golf Links Road, Hot Springs AR 71901; Mine Creek Holdings LLC, located at 1407 North Main Street, Nashville AR 71852; Searcy Holdings LLC, located at 1205 Skyline Drive, Searcy AR 72143; Highlands of North Little Rock John Ashley Holdings, LLC, located at 2501 John Ashley Dr., North Little Rock, Arkansas 72114; Sidney Care and Rehabilitation Center, LLC, located at 1435 Toledo St., Sidney, NE 69162-2166; Sorenson Care and Rehabilitation Center, LLC, located at 4809 Redman Ave, Omaha, NE 68104-1842; Clarkson Care and Rehabilitation Center, LLC, located at 212 Sunrise Dr., Clarkson, NE 68629-4042; Valhaven Care and Rehabilitation Center, LLC, located at 300 West Meigs St., Valley, NE 68064; Columbus Care and Rehabilitation Center, LLC, located at 2855 40th Ave., Columbus, NE 68601; Cozad Care and Rehabilitation Center, LLC, located at 318 West 18th Street, Cozad, NE 69130; Franklin Care and Rehabilitation Center, LLC, located at 1006 M Street, Franklin, NE 68939; Fullerton Care and Rehabilitation Center, LLC, located at 202 North Ester Street, Fullerton, NE 68638; Hartington Care and Rehabilitation Center, LLC, located at 401 West Darlene Street, Hartington, NE 68739; Nebraska City Care and Rehabilitation Center, LLC, located at 1420 North 10th Street, Nebraska City, NE 68410; Norfolk Care and Rehabilitation Center, LLC, located at 1900 Vicki Lane, Norfolk, NE 68701; Omaha Metro Care and Rehabilitation Center, LLC, located at 5505 Grover Street, Omaha, NE 68106; O'Neill Care and Rehabilitation Center, LLC, located at

13

1102 North Harrison, Hwy 281, O'Neill, NE 68763; Plattsmouth Care and Rehabilitation Center, LLC, located at 602 South 18th Street, Plattsmouth, NE 68048; Schuyler Care and Rehabilitation Center, LLC, located at 2023 Colfax Avenue, Schuyler, NE 68661; Tekamah Care and Rehabilitation Center, LLC, located at 823 M Street, Tekamah, NE 68061; Wausa Care and Rehabilitation Center, LLC, located at 703 South Vivian Street, Wausa, NE 68786; Grand Island Park Place Care and Rehabilitation Center, LLC, located at 610 North Darr, Grand Island, NE 68803; Grand Island Lakeview Care and Rehabilitation Center, LLC, located at 1405 West Highway 34, Grand Island, NE 68801; Neligh Care and Rehabilitation Center, LLC, located at 1100 North T Street, Neligh, NE 68756; Broken Bow Care and Rehabilitation Center, LLC, located at 224 East South E Street, Broken Bow, NE 68822; Scottsbluff Care and Rehabilitation Center, LLC, located at 111 West 36th Street, Scottsbluff, NE 69162; Neodesha Care and Rehabilitation Center SNF, located at 1626 N 8TH St., Neodesha, KS 66757-1239; Arlington Care and Rehabilitation Center, LLC, located at 120 Care Center Road, Arlington, SD 57212; Bella Vista Care and Rehabilitation Center, LLC, located at 302 St. Cloud Avenue, Rapid City, SD 57701; and Lake Norden Care and Rehabilitation Center, LLC, located at 803 Park Street, Lake Norden, SD 57248 (collectively, the "Proposed Dismissed Facilities").

Federal Rule of Civil Procedure 41(a)(2) allows an action to be dismissed at a plaintiff's request by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The "underlying purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly impact the defendant." *Buse v. Vanguard Grp. of Inv. Companies*, Civ. A. No. 91-3560, 1994 WL 111359, at *3 (E.D. Pa. Mar. 31, 1994). The Court has "great discretion" whether to grant a Rule 41(a)(2) motion with or without prejudice. A motion "should not be denied absent substantial prejudice to defendant." *Id.*

14

None of the parties will be prejudiced by the dismissal of Plaintiff's claims against the Proposed Dismissed Facilities.

### V.  CONCLUSION

Defendants' refusal to participate in this litigation has substantially prejudiced Plaintiff's ability to litigate its claims.  As a result of Defendants' continued behavior, the Court should enter default judgment against Defendants and in favor of Plaintiff.

SL1 1572848v1 104212.00364

Respectfully submitted,

STEVENS & LEE, P.C.

Dated: March 4, 2019       */s/ Elizabeth A. Ware*

Joseph E. Wolfson
Attorney ID No. 44431
1818 Mark Street
29th Floor
Philadelphia, PA 19103
jwo@stevenslee.com
Phone:  (215) 751-1249
Fax:      (610) 988-0808
jwo@stevenslee.com

Elizabeth A. Ware
Attorney ID No. 312046
111 N. Sixth Street
Reading, PA 19603
eaw@stevenslee.com
Phone:  (610) 478-2210
Fax:  (610) 371-7912

*Attorneys for Plaintiff*

16